

FILED

FEB - 9 2009

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

IVANDER JAMES, JR.,

      Petitioner,

v.                                    Civil Action No. **3:08CV512**

PATRICIA STANSBERRY,

      Respondent.

**MEMORANDUM OPINION**

Petitioner, a federal prisoner proceeding *pro se*, was convicted of being a felon in possession of a firearm and sentenced to a 235-month term of imprisonment by the United States District Court for the District of South Carolina (hereinafter "the Sentencing Court"). The Sentencing Court previously denied a 28 U.S.C. § 2255 motion filed by Petitioner. Petitioner now has submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner challenges the designation of a prior conviction as a "violent felony" under 18 U.S.C. § 924(e). Although styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the present action is in fact a successive motion pursuant to 28 U.S.C. § 2255.

This Court has limited jurisdiction to entertain successive 28 U.S.C. § 2255 motions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, the pertinent statute requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner cannot avoid the limitations on successive § 2255 motions simply by styling his attack on his conviction and sentence as a petition under 28 U.S.C. § 2241. *See Melton v. United States*, 359 F.3d 855, 857

(7th Cir. 2004); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (emphasizing that inmates may not circumvent the limitations on successive § 2255 motions simply by inventive labeling).

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (*quoting Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Petitioner's current action must proceed under 28 U.S.C. § 2255 unless he demonstrates that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977); *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). The United States Court of Appeals for the Fourth Circuit has concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In Re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Petitioner contends that he can meet all of the above requirements. Petitioner is incorrect. As explained below, Petitioner has not satisfied the second element because he challenges only a sentencing enhancement, not the definition of the crime for which he was convicted.

The Sentencing Court applied a sentencing enhancement pursuant to 18 U.S.C. § 924(e), which imposes a mandatory minimum sentence and forbids probated sentences for offenders

2

with three convictions for violent felonies. *See United States v. James*, 337 F.3d 387, 389-91 (4th Cir. 2003) (discussing proceedings in Sentencing Court). The Sentencing Court found that Petitioner's South Carolina conviction for failing to stop for a police officer constituted a third violent felony under 18 U.S.C. § 924(e)(2)(B)(ii), and the Fourth Circuit affirmed this finding. *See id. at* 390-91.

Petitioner contends that his South Carolina conviction for failing to stop for a police officer may no longer be considered a "violent felony" under 18 U.S.C. § 924(e). *See Begay v. United States*, 128 S. Ct. 1581, 1588 (2008) (holding that DUI conviction was not a violent felony under 18 U.S.C. § 924(e)(2)(B)(ii) because it was not "associated with a likelihood of future violent, aggressive, and purposeful 'armed career criminal' behavior" in the same way as the enumerated crimes of burglary, arson, extortion, and using explosives). Petitioner may be correct. *See United States v. Roseboro*, 551 F.3d 226, 242 (4th Cir. 2009) (holding that violation of South Carolina statute is not a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii) unless the Government further shows that offense was "intentional and without justification"). Be that as it may, Petitioner has failed to demonstrate that the conduct *for which he was convicted* is no longer a crime. *See In re Jones*, 226 F.3d at 333-34; *Little v. Hamidullah*, 177 F. App'x 375, 375-376 (4th Cir. 2006) (Nos. 05-7351, 06-6003), *available at* 2006 WL 1193856, at *1 (holding that petitioner had not satisfied *Jones* test where he claimed to be actually innocent of being a career offender); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); *Jackson v. Pettiford*, No. CIV A 8:05-2429, 2006 WL 4532684, at *5 (D.S.C. April 21, 2006) (concluding that only changes to the definition of the offense conduct, and not to

3

sentencing factors, satisfy the second element of the *Jones* test); *see also United States v. Poole*, 531 F.3d 263, 267 & n.7 (4th Cir. 2008) (observing that Fourth Circuit precedent has not extended the savings clause to "petitioners challenging only their sentence"); *Pollard v. Yost*, Civil Action No. 07-235J, 2008 WL 4933599, at *9 (W.D. Pa. Nov. 18, 2008) (citing cases); *but see Wofford v. Scott*, 177 F.3d 1236, 1244 -1245 (11th Cir. 1999) (stating in dicta that the savings clause could provide a vehicle for sentencing claims "based upon a retroactively applicable Supreme Court decision overturning circuit precedent") (*citing In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)).  Thus, the present action is a successive motion pursuant to 28 U.S.C. § 2255, rather than a petition pursuant to 28 U.S.C. § 2241.  Accordingly, the petition will be DISMISSED because the Court lacks jurisdiction to entertain it.

An appropriate Order shall issue.

/s/
_____
Richard L. Williams
United States District Judge

Date: **FEB - 9 2009**
Richmond, Virginia

4